# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FELECIA L. ARSO, o/b/o IESHA ARSO, | : |
| Plaintiff, | : |
| vs. | : CA 10-0036-KD-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This cause is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the complaint, as amended (see Docs. 1 & 4), and the defendant's motion to dismiss (Doc. 19). Upon consideration of the contents of the defendant's motion, as well as all other pertinent materials in this file, the undersigned recommends that the Court **GRANT** the defendant's motions to dismiss and **DISMISS** this action based upon the failure of plaintiff and plaintiff's counsel to prosecute and abide by the orders of this Court (*see* Docs. 8 & 20).

## FINDINGS OF FACT

1. Plaintiff initially filed this social security action in this Court on January 20, 2010, seeking child insurance benefits. (Doc. 1) Because the undersigned was unclear regarding whether plaintiff was represented by counsel, an order was entered on January 25, 2010 requiring Melinda Maddox, Esquire to either append her signature to the complaint filed January 20, 2010 or to file a new complaint containing her signature. (Doc. 3) In addition, plaintiff was ordered to file a motion to proceed without prepayment of fees on this Court's form. (*Id.*) Plaintiff's

counsel, Ms. Maddox, filed an amended complaint on February 1, 2010 (Doc. 4) and, as well, a motion to proceed without prepayment of fees on the proper form (Doc. 5). Plaintiff's IFP motion was granted (Doc. 6) and summons were issued on February 8, 2010 (Doc. 7).

2. This Court's standing scheduling order for social security cases was entered on February 8, 2010. (Doc. 8) That order provides, in part, that "[w]ithin thirty (30) days of the filing of the transcript and answer, counsel for plaintiff must file, and serve on opposing counsel, a Brief and Fact Sheet which lists the specific errors upon which plaintiff seeks reversal of the Commissioner's decision (see sample Brief and Fact Sheet, Attachments A and B)." (*Id*. at ¶ 3)

3. The defendant filed his answer, along with a transcript of administrative proceedings, on May 3, 2010 (Docs. 14-15) thereby making plaintiff's brief and fact sheet due on June 2, 2010 (*compare* Doc. 14 *with* Doc. 8, ¶ 3). Because plaintiff's counsel failed to timely file the brief and fact sheet, the undersigned entered an order setting the case for oral argument and requiring plaintiff to file her brief and fact sheet not later than June 16, 2010. (Doc. 16)

4. On June 13, 2010, plaintiff filed a one-page document entitled "Plaintiff's Fact Sheet" (Doc. 17) but because that document was unsigned (*see id*. at 2), counsel filed an identical signed pleading three days later (Doc. 18). Because this pleading cannot be regarded as either a fact sheet or brief as contemplated by this Court's standing scheduling order in social security cases (*compare id. with* Doc. 8, Attachments A & B), the defendant filed a motion to dismiss this action with prejudice on July 9, 2010 (Doc. 19). "Although Plaintiff has filed two versions of her Fact Sheet, she ha[s] not complied with the Court's June 3, 2010, order as Plaintiff has failed to file a Brief. . . . Plaintiff has failed to comply with the Court's scheduling order and, as a result, has failed to prosecute this case. Under the circumstances, it is appropriate for the Court to dismiss the case." (*Id*. at ¶¶ 7 & 9)

5. By order dated July 12, 2010, the undersigned took defendant's motion to dismiss under submission and ordered plaintiff to direct a response to that motion and also to "request leave to file a brief and fact sheet and attach those documents to [a] motion for leave to file out-of-time." (Doc. 20, at 1-2) The Magistrate Judge specifically informed counsel for plaintiff that the fact sheet attached to the "motion for leave to file brief and fact sheet out-of-time should track the sample fact sheet attached to the Social Security Scheduling Order issued in this case on February 8, 2010 (*see* Doc. 8, Exhibit B) and her brief should follow the outline set forth in the sample brief attached to the scheduling order (*see id.*, Attachment A)." (*Id.* at 2) Finally, the undersigned specifically informed plaintiff, and plaintiff's counsel, that failure to timely respond to the order, by July 30, 2010, would "result in entry of a report and recommendation that this cause be dismissed for failure to prosecute and obey the orders of this Court." (*Id.* at n.1, citing Fed.R.Civ.P. 41(b))

## CONCLUSIONS OF LAW

1. Rule 41(b) of the Federal Rules of Civil Procedures provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.*; *see also Environmental Biotech, Inc. v. Sibbitt Enterprises, Inc.*, 2007 WL 2993997, *2 (M.D. Fla. Oct. 11, 2007) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Rule 41(b) is a "'housekeeping measure' which allows the Court to manage its docket, further the policy of expeditious resolution of litigation, and prevent prejudice to a defendant

from delay." *Stolt-Nielsen, Inc. v. Zim Israel Navigation Co., Ltd.*, 879 F.Supp. 1223, 1225 (S.D. Ga. 1994) (citation omitted), *vacated on other grounds*, 67 F.3d 314 (11th Cir. 1995).

2. Because a Rule 41(b) dismissal with prejudice is an extreme sanction, it should only be ordered "'where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice.'" *Welch v. Comcar Industries*, 139 Fed.Appx. 138, 139, 2005 WL 1189626, *1 (11th Cir. 2005), citing *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Eleventh Circuit has indicated that this sanction is appropriate only when "'(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct[1]); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) (citations omitted; footnote added); *see also McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("[T]he severe sanction of dismissal-with prejudice or the equivalent-should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'"). This harsh sanction "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K. Agencies, Ltd., supra*, 432 F.3d at 1338 (citation omitted).

3. Although the undersigned cannot find that the plaintiff has engaged in a course of contumacious conduct, it is clear that counsel for plaintiff has engaged in a course of contumacious conduct such that no sanction other than the ultimate one of dismissal with prejudice will suffice. In this regard, plaintiff's counsel not only failed to timely file a brief and

---

[1] "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of the court's time.'" *Hudson v. Cardwell Corp.,* 2006 WL 2135791, *2 (S.D. Ala. July 27, 2006) (citations omitted).

fact sheet within the time constraints set out in the scheduling order (*compare* Doc. 8 *with* Docket Sheet) but, as well, when she ultimately filed a "Fact Sheet" that pleading was neither a brief or fact sheet contemplated by the Court's scheduling order (*compare* Doc. 18 *with* Doc. 8, Exhibits A & B). Finally, but most importantly, plaintiff's counsel failed to file a response to the defendant's motion to dismiss and a motion for leave to file plaintiff's brief and fact sheet out-of-time, as ordered (Doc. 20). The failure of counsel to respond to the undersigned's order of July 13, 2010 (Doc. 20) cannot be overlooked since this order informed counsel in some detail how to overcome the deficiencies in the case and, as well, informed plaintiff and her attorney that the failure to file a timely response would result in entry of this report and recommendation (*see id.*).

4. The orders of this Court would be rendered meaningless if the undersigned charted a path recommending the denial of the defendant's motion to dismiss. Accordingly, the Magistrate Judge is constrained to recommend that this action be dismissed with prejudice given the contumacious conduct of plaintiff's counsel.

## CONCLUSION

The Magistrate Judge recommends that the defendant's motions to dismiss this case (Doc. 19) be **GRANTED** and that the plaintiff's complaint be **DISMISSED WITH PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute and abide by the orders of this Court.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 5th day of August, 2010.

                                                                 s/WILLIAM E. CASSADY
                                                                 **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).